BERTL C. DIETRICH, Plaintiff-Appellee, v. ALMA V. JONES, Defendant-Appellant.

First District (4th Division)   No. 87—0478

Opinion filed June 23, 1988.

Richard T. Wimmer and Dennis G. Walsh, both of Klein, Thorpe & Jenkins, of Chicago, for appellant.

Marconi & Morrison, of Chicago (Douglas K. Morrison and Katherine S. Mix, of counsel), for appellee.

JUSTICE JOHNSON delivered the opinion of the court:

Following a jury trial in the circuit court of Cook County, plaintiff, Bertl C. Dietrich, was awarded compensatory damages in the amount of $75,000 and punitive damages of $1 for fraud and concealment in the sale of a condominium by defendant, Alma V. Jones. On post-trial motions of defendant, the trial court granted a remittitur of $17,470 and denied all other requested relief. Defendant appeals, raising the following issues: (1) whether the trial court erred by denying her motion *in limine*, which sought to exclude plaintiff's undisclosed expert; (2) whether the verdict rendered is against the manifest weight of the evidence; (3) whether the trial court erred by denying her pretrial mo-

tion for jury viewing of the premises; (4) whether the trial court erred in its rulings on certain evidentiary matters; and (5) whether the trial court erred by denying her motion *in limine,* which sought to limit plaintiff's damages to those relating to the condominium's value.

The record reveals that in July 1979 defendant sought to sell her condominium, unit LL101, located at 1440 Sheridan Road, Wilmette, Illinois, through an advertisement she placed in a weekly publication. Plaintiff responded to the advertisement and arranged to view the unit. During the initial appointment, plaintiff scheduled another viewing so that she could bring her daughter, Tanya, who is an attorney, with her to inspect the building.

During the second viewing, Tanya noticed what appeared to be large water stains on the carpet and asked defendant about them. The witnesses differ on what was said in response to this inquiry. Tanya testified that defendant told her that there had been a problem with the roof which allowed water to come in through the wall and on the floor. She further testified that defendant assured her that the roof had been fixed and that the unit was dry, with no more water-related problems. Defendant testified that she had explained the water-entry problems to plaintiff during the first inspection of the unit. She further stated that she reiterated that conversation to Tanya, explaining that since there had been major repairs done to the building, she felt confident there would be no more water-entry problems. After that discussion, Tanya, representing plaintiff, made an offer to purchase the unit for the asking price of $150,000. Defendant accepted this offer and the parties entered into an agreement, using a standard form contract, later that same evening. The contract makes no specific reference to water-entry problems.

In late November 1979, the closing for the sale of the condominium unit took place and the plaintiff moved into it a day or two later. Shortly thereafter, plaintiff began to experience water entries. She repeatedly complained to the Wilshore Condominium Association Board (hereinafter Association), which she understood to be responsible for getting the repair work done to remedy the situation. In or about 1983, the Association undertook major repair work to the building which helped to alleviate the water-entry problems. Plaintiff brought this action to recover damages occasioned by the alleged fraud and concealment of defendant in the sale of the condominium on April 29, 1981. The jury found for plaintiff and awarded compensatory damages in the amount of $75,000 and $1 in punitive damages. On post-trial motions of defendant, the trial court granted a remittitur of $17,470 and denied all other requested relief. Defendant appeals.

We affirm.

## I

Defendant contends that the trial court committed reversible error by denying her pretrial motion *in limine*, which sought to exclude the testimony of plaintiff's expert witness, John H. Fischer, a real estate appraiser. Fischer testified that, in his opinion, the unit purchased by plaintiff, in its actual condition, was worth $95,000, a price $55,000 less than the purchase price. Defendant moved to exclude this testimony alleging that plaintiff failed to identify Mr. Fisher as an expert witness pursuant to Supreme Court Rule 220 (107 Ill. 2d R. 220).

Rule 220, which requires the disclosure of the identities and opinions of expert witnesses whose testimony is "reasonably contemplated," became effective on October 1, 1984. Defendant served plaintiff with supplemental interrogatories requesting Rule 220 disclosures on December 4 of that year. Plaintiff's answer to the supplemental interrogatories, served on defendant September 10, 1985, stated that she had retained no experts whose identities and reports had not been previously disclosed.

The prior disclosure which plaintiff refers to pertains to her answer to the interrogatories defendant served December 10, 1981 (hereinafter referred to as the 1981 interrogatories). These interrogatories, served prior to the enactment of Rule 220, asked whether plaintiff had received an appraisal of the property. Plaintiff responded by attaching Fischer's appraisal report. Defendant argues that, although made aware of Fischer's existence, plaintiff's response did not apprise her of Fischer's opinion or plaintiff's intent to call him as an expert witness. Specifically, defendant contends that this was insufficient to satisfy Rule 220's disclosure requirements. Moreover, she points out that Fischer's name was omitted from the list of potential witnesses plaintiff submitted in response to a question in the 1981 interrogatories which sought identification of all persons having knowledge of facts relevant to the controversy. Defendant claims that this omission misled her into assuming that Fischer was a consulting expert, not intended to testify, and therefore excluded from Rule 220's disclosure requirement. Plaintiff argues that she had complied with Rule 220, two years prior to its enactment, by submitting Fischer's written report in response to the 1981 interrogatories.

■ The discovery clause of Rule 220 provides, *inter alia,* as follows:

> "(1) Upon interrogatory propounded for that purpose, the party retaining or employing an expert witness shall be re-

quired to state:

> (i) the subject matter on which the expert is expected to testify;
>
> (ii) his conclusions and opinions and the bases therefor; and
>
> (iii) his qualifications.
>
> (2) The party answering such interrogatories may respond by submitting the signed report of the expert containing the required information." 107 Ill. 2d R. 220(c).

We find the language of the statute clear and unambiguous in establishing that the submission of the expert's report is sufficient compliance with its mandate. Although plaintiff's submission of Fischer's report was prior to the enactment of Rule 220, her action complied with its dictates. Nevertheless, were we to find that plaintiff was required to resubmit Fischer's report in response to defendant's Rule 220 request, defendant's argument must still fail.

■ Defendant claims that Rule 220 mandates an inflexible sanction of disqualification for noncompliance. However, in *Fischer v. G & S Builders* (1986), 147 Ill. App. 3d 168, upon which defendant mistakenly relies, this court held that the imposition of sanctions for noncompliance with Rule 220 is within the discretion of the trial court. We reasoned that such a holding was consistent with the discretionary authority of the trial court to impose sanctions for noncompliance with discovery rules in general. *Fischer,* 147 Ill. App. 3d at 172.

After finding that the plaintiff had failed to comply with Rule 220, the trial court in *Fischer* offered, as alternative sanctions, to either (1) continue the trial to a later date, thereby giving the defendant an opportunity to depose plaintiff's expert and attempt to rebut his opinion; or (2) disqualify the witness as an expert, but not as a witness to what he had personally observed. Plaintiff, the noncompliant party, resisted a continuance. Therefore, the trial court imposed the latter sanction and disqualified the witness as an expert. "Since either option would have been an acceptable response" (*Fischer,* 147 Ill. App. 3d at 173), this court found no abuse of discretion in the sanction imposed by the trial court.

Here, plaintiff, the alleged noncompliant party, offered to permit defendant to continue the trial and depose her expert, Fischer. Defendant did not accept, thereby waiving an opportunity to cure the alleged discovery defect. Under these circumstances, we find no abuse of discretion by the trial court in permitting Fischer to testify as an expert.

## II

Defendant next contends that the jury verdict was against the manifest weight of the evidence. She argues that insufficient evidence was presented to support the jury's determination that she had either fraudulently represented to plaintiff that the unit had been cured of its water-entry problems or fraudulently concealed from plaintiff any continued water-entry problems. She further urges that the evidence was insufficient to support the jury's damages award.

■ It is well established that in order to constitute fraud the plaintiff must establish that (1) defendant misrepresented a material fact, (2) the misrepresentation was made for the purpose of inducing the plaintiff to act, (3) defendant knew that the representation was false, (4) plaintiff's belief in the representation was reasonable, and (5) plaintiff relied upon the representation. (*Central States Joint Board v. Continental Assurance Co.* (1983), 117 Ill. App. 3d 600, 604, citing *Shanahan v. Schindler* (1978), 63 Ill. App. 3d 82, 93.) "Illinois courts have recognized a cause of action for fraud which consists of concealment of an existing material fact when accompanied by *scienter,* deception and injury. [Citations.] To establish fraud, the concealment must have been done with an intention to deceive and under circumstances creating a duty to speak." *Central States,* 117 Ill. App. 3d at 604.

■ The record reveals that the jury heard testimony on this issue from the following witnesses: defendant; plaintiff's daughter, Tanya; defendant's neighbor, Jewell Kimbell; and Dan Miller and Peter Willing, the two janitors at the building during the relevant times. Defendant testified to having told plaintiff that, while there had been water-entry problems in the past, she felt confident there would be no more water-entry problems, since there had been major repairs done to the building. Tanya testified that defendant assured her that the roof had been fixed and that the unit was dry with no more water-related problems. Daniel Miller testified that he had cleaned up water entries in defendant's unit four or five times per year between 1971 and 1977, while he was a maintenance man in that building. He further testified that he had cleaned up a water entry in that unit in November 1979, after his return to work at the building. Peter Willing testified that he worked as a janitor in the building from 1971 until his retirement in 1979 and that he had often assisted Miller in cleaning up the water entries in defendant's apartment. He testified that he had cleaned up a water-entry problem there in 1978 and had assisted Miller in 1979. Jewel Kimbell testified that in July or August of 1979 she had a conversation with defendant in which defendant stated

that she had water in her apartment on that day.

The proper inquiry here is whether there is sufficient credible evidence in the record to support the jury's verdict. (*Moehle v. Chrysler Motors Corp.* (1982), 93 Ill. 2d 299, 305; *Adams v. Zayre Corp.* (1986), 148 Ill. App. 3d 704, 712.) "Where the evidence in favor of the prevailing party, standing alone, is sufficient to sustain the verdict, the judgment will not be reversed unless the verdict is contrary to the manifest weight of the evidence." (*Sulzberger v. Sulzberger* (1939), 372 Ill. 240, 245.) "Verdicts and judgments are only considered against the manifest weight of the evidence where a conclusion opposite to that reached by the jury is clearly evident or the jury's verdict is palpably erroneous." (*Daniggelis v. Pivan* (1987), 159 Ill. App. 3d 1097, 1101, citing *Didier v. Jones* (1978), 61 Ill. App. 3d 22, 27.) We do not find the jury's verdict to be palpably erroneous given the volume of evidence in support of it. Thus, the verdict of the jury was not against the manifest weight of the evidence.

### III

Defendant further contends that the trial court erred by refusing to permit the jury to view the condominium unit at issue. She argues that such a viewing would have given the jury a better understanding of the interior layout of the unit and the testimony offered. This request was made although a diagram of the apartment was prepared and used by both parties during the trial. Further, Miller, the janitor who was often in the unit, testified that the diagram accurately depicted the unit's layout.

It has long been established that the determination of whether to allow the jury to view property which is the subject of litigation lies within the sound discretion of the trial court. (*Springer v. City of Chicago* (1891), 135 Ill. 552, 566.) Where no useful purpose would be served by the viewing, it is not an abuse of discretion to deny the request. (*People v. Durso* (1968), 40 Ill. 2d 242, 251-52.) It is our opinion that, in the instant case, a viewing of the condominium unit was not necessary to understand the issues here and, therefore, the trial court did not abuse its discretion in denying such permission.

### IV

Defendant next asserts that the trial court erred by excluding the deposition testimonies of two witnesses, Anne Rodrick and Tanya Dietrich. She argues first that the deposition testimony of Rodrick should have been admitted pursuant to Supreme Court Rule 212(b)(2) (107 Ill. 2d R. 212(b)(2)) because Rodrick had moved out of the State.

■ Rule 212(b)(2) provides for the use of discovery or evidence depositions where the deponent is out of the county at the time of trial. (See Ill. Ann. Stat., ch. 110A, par. 212(b)(2), Historical and Practice Notes, at 303 (Smith-Hurd 1985).) However, it is incumbent upon the party asserting the absence of a witness to make a showing that the attendance of the witness could not have been procured by the use of reasonable diligence. *John v. Tribune Co.* (1960), 28 Ill. App. 2d 300, 318.

Defendant points out that Rodrick expressed, in her deposition testimony, an intent to move out of the State prior to trial. She further claims that, although Rodrick resided in the Evanston area at the time of the deposition, her pretrial search of the Evanston area telephone directory revealed no listing in Rodrick's name and that defense counsel expressed an absolute lack of knowledge as to Rodrick's whereabouts. Defendant relies on *Powers v. Kelley* (1967), 83 Ill. App. 2d 289, for the proposition that the statements of counsel as to the whereabouts of the deponent and the testimony in the deposition itself are sufficient to establish the absence of the deponent. A closer reading of *Powers,* however, reveals that defendant's reliance is mistaken.

The deponent in *Powers* was shown, by the statements of counsel and the deposition itself, to have resided outside of the forum State at the time of the deposition. This court held that a showing of reasonable diligence to procure the attendance of the absent witness was not necessary, in that instance, because of the presumption of continued residence. (*Powers,* 83 Ill. App. 2d at 297-98.) The instant case is factually antithetical. Here, Rodrick was shown to have resided in the forum county at the time of the deposition. This showing invokes the presumption of continued residence, and Rodrick's residence in Evanston is presumed to continue until the contrary is shown. A search of the telephone directory is not sufficiently diligent to overcome the presumption. Thus, defendant has failed to overcome the presumption and, accordingly, we find that the trial court properly exercised its discretion in excluding the deposition testimony of Anne Rodrick.

■ Defendant continues by arguing that the deposition testimony of Tanya Dietrich was admissible as an admission against a party's interest, made by that party's agent, and, therefore, erroneously excluded. The testimony defendant is concerned with relates to plaintiff's purpose in procuring the appraisal of the unit by Fischer. It is undisputed that Tanya had been plaintiff's agent. In her deposition, Tanya stated that Fischer's appraisal was secured for tax purposes. Defendant attempted to enter this testimony to infer that the ap-

praisal value was tainted by its purpose. No reason is given for defendant's failure to inquire of this matter during cross-examination of Tanya.

Clearly, Rule 212(a)(2) provides for the admittance of deposition testimony which is an admission against interest. (107 Ill. 2d R. 212(a)(2).) "An admission *** is a statement made by or attributable to a party to an action, which constitutes an admission against his interest and tends to establish or disprove any material fact in the case." (*Schutt v. Terminal R.R. Association of St. Louis* (1967), 79 Ill. App. 2d 69, 76-77.) After examining Tanya's deposition testimony, we agree with the trial court and find that the proffered testimony is not an admission. Accordingly, we hold that the trial court properly excluded the deposition testimony of Tanya Dietrich.

## V

■ Lastly, defendant contends that the trial court erred by denying her pretrial motion *in limine* which sought to limit the evidence on the issue of damages. Specifically she complains that the trial court denied the motion to the extent that it sought to prevent the plaintiff from introducing evidence of damages to personal property within the condominium unit as well as damages arising from plaintiff's physical labor resulting from cleanup activities. She relies on *Posner v. Davis* (1979), 76 Ill. App. 3d 638, as being dispositive on the applicable measure of damages and in support of this contention. While we agree with defendant's assessment of *Posner* as controlling on the measure of damages, we do not find it supportive of defendant's contention.

In *Posner* this court set forth two alternative measures of damages for fraudulently concealing defects in property. The first method subtracts the value the property actually had at the time of sale due to the defects from the value the property would have had at the time of the sale if the defects did not exist, to grant the plaintiff the benefit of his bargain. The second method of calculating damages considers "the cost of fixing the property to make it conform to the condition it would have had without the defects." (*Posner*, 76 Ill. App. 3d at 645.) We reversed the award of damages and remanded that issue to the trial court because the record did not indicate any basis for the assessment of the damages awarded. The plaintiff presented inadequate evidence of damages under either measure. In analyzing the evidence presented towards the second method of measuring damages, we found that the repair bills submitted by the plaintiff confused those repairs done to correct the defects and repairs which had noth-

ing to do with the complained-of defects. We also noted that there was no indication in the record of the "value on the time plaintiffs themselves spent in dealing with the defects." *Posner,* 76 Ill. App. 3d at 645.

We believe that it was evident in *Posner* that we intended to consider all costs incurred by plaintiffs in correcting the defects into the calculation of damages. Thus, defendant's contention fails and we hold that the trial court properly denied that part of defendant's motion *in limine* which sought to exclude evidence of plaintiff's personal property and personal damages.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

JIGANTI, P.J., and LINN, J., concur.